# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
# BECKLEY DIVISION

| | |
|---|---|
| EDWIN DAVIS, ) | |
| ) | |
|     Petitioner, ) | |
| ) | |
| v. ) | Civil Action No. 5:06-0135 |
| ) | |
| CHARLES T. FELT, ) | |
| ) | |
|     Respondent. ) | |

## PROPOSED FINDINGS AND RECOMMENDATION

On February 23, 2006, Petitioner, an inmate at Federal Correction Institute, Beckley [FCI, Beckley], and acting *pro se*, filed an "Application Under 28 U.S.C. § 2241 for Writ of Habeas Corpus by a Person in State or Federal Custody" and an Application to Proceed *in Forma Pauperis*.[1] (Document Nos. 1-2.) By Standing Order filed on February 24, 2006, this matter was referred to the undersigned United States Magistrate Judge for the submission of proposed findings of fact and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (Document No. 3.) Having conducted a thorough examination of Petitioner's Application, the undersigned has determined that Petitioner's Application under § 2241 constitutes a § 2255 Motion and as such must be summarily dismissed because jurisdiction over such Motions rests in the District where Petitioner was sentenced, the Eastern District of New York, not in the Southern District of West Virginia.

## FACTUAL AND PROCEDURAL HISTORY

On May 24, 2000, Petitioner was convicted in the United States District Court for the Eastern District of New York on one count of conspiracy to commit robbery and one count of robbery both

---

[1]Because Petitioner is acting *pro se*, the documents which he has filed in this case are held to a less stringent standard than if they were prepared by a lawyer and therefore, they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

in violation of 18 U.S.C. § 1951 (the "Hobbs Act"). See United States v. Alphonse, *et al.*, Case No. 1:99-cr-00340 (E.D.N.Y.). The District Court sentenced Petitioner on September 26, 2001, to a term of 121 months of imprisonment, three years supervised release, and a $200 special assessment. (Id.)

Petitioner appealed the proceedings in the District Court challenging his conviction on two grounds: (1) that the Court improperly admitted his post-arrest statements and that, absent these statements, the evidence supporting his convictions was insufficient, and (2) that the Court improperly applied various enhancements during his sentencing and failed to grant a minor role adjustment. The Second Circuit affirmed Petitioner's conviction. United States v. Davis, 48 Fed.Appx 8 (2nd Cir. Oct. 2, 2002).

On January 6, 2004, Petitioner filed an action for *habeas corpus* relief under 28 U.S.C. § 2255 in the Eastern District of New York stating various claims all based on the purported ineffectiveness of assistance of counsel. See Davis v. United States, Case No. 1:04-cv-00085 (E.D. N.Y.). The District Court has yet to rule on Petitioner's Motion.[2]

On February 23, 2005, Petitioner filed his Application under 28 U.S.C. § 2241 in this District Court stating four grounds for relief:

1. Petitioner was denied opportunity to contact his embassy, after repeated request upon arrest by police of New York.

2. Petitioner was denied interpreter with police, where it was obvious that he did not fully understand the English language and terms.

3. Ineffective assistance of counsel appointed by the Court, whom failed to establish witness and evidence favorable for Defendant.

---

[2] Petitioner states in his § 2241 Application that his § 2255 Motion is still pending before the Eastern District of New York. The docket sheet relating to his § 2255 Motion confirms that Petitioner's § 2255 Motion has yet to be ruled upon. See Davis v. United States, Case No. 1:04-cv-00085 (E.D. N.Y.).

>    4.    False enhancement by sentencing court, basis upon Judges view and no evidence to support merit of fact.

(Document No. 1.)

## DISCUSSION

Applications under 28 U.S.C. § 2255 are the exclusive remedy for testing the validity of federal judgments and sentences unless there is a showing the remedy is inadequate or inadequate or ineffective.  In re Jones, 226 F.3d, 328, 333 (4th Cir. 2000)("W]hen § 2255 proves 'inadequate or ineffective to test the legality of . . . detention,' a federal prisoner may seek a writ of habeas corpus pursuant to § 2241."); Bradshaw v. Story, 86 F.3d 164, 166 (10th Cir. 1996).  The Petitioner bears the burden of showing the inadequacy or ineffectiveness of a § 2255 Application.  See McGhee v. Hanberry, 604 F.2d 9, 10 (5th Cir. 1979). The Fourth Circuit has concluded that relief under 28 U.S.C. § 2255 is inadequate or ineffective to test the legality of a conviction when:

> (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction;
>
> (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal, and
>
> (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not of constitutional law.

In re Jones, 226 F.3d at 333-34.  The fact that relief under § 2255 is barred procedurally or by the gatekeeping requirements of § 2255 does not render the remedy of § 2255 inadequate or ineffective. In re Jones, 226 F.3d at 332; Young v. Conley, 128 F.Supp.2d 354, 357 (S.D. W. Va. 2001)(Chief Judge Haden).  The remedy under § 2241 is not an additional, alternative or supplemental remedy to that prescribed under § 2255, and allegations respecting the execution of a federal sentence, e.g., time credit calculations, are properly considered under § 2241.  "A section 2241 petition that seeks

to challenge the validity of a federal sentence must either be dismissed or construed as a section 2255 motion." Pack v. Yusuff, 218 F.3d 448, 452 (5th Cir. 2000).

Essentially, Petitioner challenges the validity of his sentence in the Eastern District of New York, and therefore in view of the nature of his claims, his Application must be considered a Motion to Vacate, Set Aside or Correct his sentence under § 2255. Relief under § 2255 is not inadequate or ineffective simply because Petitioner's § 2255 Motion filed in the Eastern District of New York has not yet been ruled upon.

It is quite clear from the language in the first paragraph of 28 U.S.C. § 2255 that Motions thereunder must be filed in the sentencing Court. The first paragraph of 28 U.S.C. § 2255 provides as follows:

> A prisoner in custody under sentence of a court established by Act of Congress claiming his right to be released upon the ground that the sentence was imposed in violation of the Constitution or the laws of the United States, or that the court was without jurisdiction to impose such a sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, *may move the court which imposed the sentence to vacate, set aside, or correct the sentence.* (Emphasis added.)

Considering Petitioner's Application to be a § 2255 motion, it is clear that this District Court lacks jurisdiction to consider it. Rather, jurisdiction is properly in the Eastern District of New York. Accordingly, Petitioner's Application should therefore be dismissed.

### PROPOSAL AND RECOMMENDATION

Based on the foregoing, it is therefore respectfully **PROPOSED** that the District Court confirm and accept the foregoing factual and legal analysis and conclude that the Petitioner's Application is properly considered under 28 U.S.C. § 2255, and that the District Court has no jurisdiction to consider the issues presented by Petitioner's Application. Accordingly, it is respectfully **RECOMMENDED** that the District Court **DISMISS** Petitioner's Application with

prejudice in consideration of its lack of jurisdiction and without prejudice as to the merits of the claims which Petitioner raises therein and remove this matter from the Court's docket.

The Petitioner is hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable Chief United States District Judge David A. Faber. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(e) and 72(b), Federal Rules of Civil Procedure, the Petitioner shall have thirteen days from the date of filing of this Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984). Copies of such objections shall be served on opposing parties, Chief Judge Faber and this Magistrate Judge.

The Clerk of this Court is directed to file this "Proposed Findings and Recommendation" and to mail a copy of the same to Plaintiff who is acting *pro se* and to counsel of record.

ENTER: March 3, 2006.

R. Clarke VanDervort
United States Magistrate Judge